Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE NEIMAN MARCUS GROUP, LLC, a Delaware Limited Liability Company; M. M. AND R., INC., a New Jersey Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:18-cv-06050-JFW-JPR<br>*Honorable John F. Walter Presiding*<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. PATENT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff, WONGAB CORPORATION ("WONGAB"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates fabric design art for use in the apparel industry. Plaintiff's business is predicated on its ownership of this artwork and it spends a considerable amount of time and resources creating marketable and aesthetically appealing artwork. The defendants in this case have developed, created, imported, purchased, and/or sold without permission product bearing certain of Plaintiff's proprietary artwork.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff WONGAB is a corporation organized and existing under the laws of Korea with its principal place of business located in Seoul, Korea, and is doing business in and with the state of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant THE NEIMAN MARCUS GROUP, LLC ("NEIMAN") is a limited liability company organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant M. M. AND R., INC. ("MM&R") is a corporation organized and existing under the laws of the State of New Jersey, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10, inclusive, are manufacturers and/or vendors (and/or agents or employees to a manufacturer or vendor) of garments, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product produced with certain of Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement, or other currently unknown retail or wholesale customers of the named defendants. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN D208

9. Plaintiff owns a design it has titled D208 ("Subject Design A"), and has registered this design with the U.S. Copyright Office. A true and correct image of the Subject Design A is pictured hereunder.

10. Numerous design elements in Subject Design A and the selection and arrangement of every element in Subject Design A are original.

11. Plaintiff marketed and/or sold several thousand yards of fabric bearing this design to entities in the fashion industry before the acts complained of herein.

12. Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design A, NEIMAN, MM&R, and certain DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design that is identical, or substantially similar, to the Subject Design A (hereinafter "Accused Product"), copying every element and their selection and arrangement without Plaintiff's authorization. Such Accused Product includes, but is not limited to, the garments pictured hereunder which were sold by NEIMAN at retail stores under SKU No. 2434 9993, and which bore the "5 twelve" label, indicating that such garments were manufactured for or by MM&R.

13. A comparison of Subject Design A and Accused Product (detail of the garment and full garment) is set forth below. A comparison of the designs and their constituent elements reveals that the elements, composition, selection, arrangement, layout, and appearance of the designs are substantially similar or identical:

SUBJECT DESIGN A:                    ACCUSED PRODUCT – DETAIL:




4
FIRST AMENDED COMPLAINT

ACCUSED PRODUCT – FULL GARMENT:

**CLAIMS RELATED TO DESIGN PCM-2299-GROUND**

14. Plaintiff owns a design it has titled PCM-2299-GROUND ("Subject Design B", collectively with Subject Design A, "Subject Designs"), and has registered this design with the U.S. Copyright Office. A true and correct image of the Subject Design B is pictured hereunder.

15. Numerous design elements in Subject Design A and the selection and arrangement of every element in Subject Design A are original.

16. Plaintiff marketed and/or sold tens of thousands of yards of fabric bearing this design to entities in the fashion industry before the acts complained of herein.

17. Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design B, NEIMAN, MM&R, and certain DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design

that is identical, or substantially similar, to the Subject Design B, copying every element and their selection and arrangement without Plaintiff's authorization. Such Accused Product includes, but is not limited to, the garments pictured hereunder.

18. A comparison of the Subject Design B and Accused Product (a detail of the garment) is set forth below. A comparison of the two designs and their constituent elements reveals that the elements, composition, selection, arrangement, layout, and appearance of the designs are at least substantially similar:

| SUBJECT DESIGN B: | ACCUSED PRODUCT – DETAIL: |
|---|---|
|  |  |

## CLAIMS RELATED TO U.S. PATENT NO. 8,448,476

19. On May 28, 2013, U.S. Patent No. 8,448,476 entitled "WARP KNITTING FABRIC HAVING GROUND ORGANIZATION EXPRESSING VARIOUS

DESIGN PATTERNS" ("the '476 patent"), was duly and legally issued to inventor Il-Soo Lee.  A true copy of the '476 patent is attached hereto as **Exhibit A**.

20.  WONGAB is the owner by assignment of the '476 patent with full and exclusive right to bring suit to enforce the '476 patent.

21.  The '476 patent generally relates to a warp knit fabric having a number of areas of different distinctive loop patterns and arrays of chain numbers with the patterns changing in both the longitudinal and lateral directions.  Exemplary Fig. 6 from the front page of the patent is reproduced below.



22.  On information and belief, the Defendants have been and are infringing, contributing to infringement, and/or inducing others to infringe the '476 patent by making using, offering for sale, selling or importing fabric that infringes the '476 patent, and manufacturing, selling, and distributing garments comprised, at least in part, of such infringing fabric. Defendants are sophisticated entities in the fashion and apparel industries and are uniquely aware of the existence of patents associated with methods for creating fabrics. Despite this, Defendants recklessly utilized distinct warp-knit fabric which they either knew or should have known to have been illegally made using patented methods. Certain Defendants, with knowledge of the

infringing nature of the warp-knit fabric comprising the infringing garments, ordered, manufactured, sold and distributed the infringing garments to their customers with the specific intention of encouraging the further manufacture, sale, and distribution of the infringing product and the infringement of the '476 patent inherent therein. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

23. Specifically, the patented claims 1-8 read on the Defendants' product, including those items identified and pictured above, in at least the following ways: Defendants' garments employ a warp knitted fabric consisting of a variety of loop shapes (circles, hexagons, ovals, triangles, etc.) as their ground organization. The garments also incorporate a ground fabric comprising warp units that bears a loop shape with offset units and bears a pattern knitted onto the knitted ground fabric. And the ground fabric for the Disputed Product bears a warp-knitted fabric with the warps knitted via a multi-needle process with offset ground bars that knit a loop shape, and bears a pattern organization knitted onto the ground organization. The ground fabric on Defendants' garments includes multiple designs that are continuously arranged across the entirety of the ground fabric organization in a repeating pattern. And each "unit" of the ground fabric on the Defendants' garments includes multiple designs arranged in a vertical direction of the ground organization. Rather than consisting of the same loop shape (i.e., all circles), each unit contains a varying pattern loop shapes (i.e., circles, followed by hexagons, followed by triangles). And each of the unit organizations is formed by consecutively knitted plurality of loops having various shapes in the up-and-down direction and different shapes in the transverse direction, with the unit structures having a zig-zag spatial array and the widths and lengths having different sizes and scales.

24. On information and belief, the Defendants have willfully infringed the '476 patents by continuing their acts of infringement after being on notice of the patent.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

25. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and textile mills; (c) access to legitimate WONGAB fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

27. Defendants' access to the Subject Designs is further evidenced by the exactitude of the copying at issue. The Subject Designs and the designs on the Accused Product are indeed strikingly similar, with each element and the selection and arrangement thereof in the designs being nearly, if not actually, identical.

28. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized textile designs that were identical or substantially similar to the Subject Designs.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by

1 producing, distributing and/or selling fabric and/or garments which infringe the
2 Subject Designs through a nationwide network of retail stores and on-line outlets.

3     30. Plaintiff is informed and believes and thereon alleges that Defendants
4 knowingly induced, participated in, aided and abetted in and profited from the illegal
5 reproduction and/or subsequent sales of product featuring the Subject Designs as
6 alleged hereinabove.

7     31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial
8 damages to its business in an amount to be established at trial.

9     32. Due to Defendants' acts of infringement, Plaintiff has suffered general and
10 special damages in an amount to be established at trial.

11     33. Due to Defendants' acts of copyright infringement as alleged herein,
12 Defendants, and each of them, have obtained direct and indirect profits they would
13 not otherwise have realized but for their infringement of the Subject Designs. As
14 such, Plaintiff is entitled to disgorgement of Defendant's profits directly and
15 indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject
16 Designs in an amount to be established at trial.

17     34.    Plaintiff is informed and believes and thereon alleges that Defendants,
18 and each of them, have committed acts of copyright infringement, as alleged above,
19 which were willful, intentional, malicious, or reckless, which further subjects
20 Defendants, and each of them, to liability for statutory damages under Section
21 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars
22 ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will
23 make its election between actual damages and statutory damages.

27 ///

## SECOND CLAIM FOR RELIEF

(For Patent Infringement - Against All Defendants)

35. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

36. In violation of 35 U.S.C. §271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '476 patent by making, using, importing, offering for sale, and/or selling fabric that infringes the '476 patent, and/or by inducing or contributing to the infringement of the '476 patent by others.

37. Plaintiff has marked its patented material per 35 U.S.C. § 287(a) with the '476 patent identifier since at least 2012 in the Korean market and at least May of 2014 in the United States and international markets. As such, Defendants, and each of them, had constructive notice, both through this marking and Plaintiff's Federal patent registration, of Plaintiff's patent rights. Defendant's, and each of their, exploitation of the patented material with such notice constitutes willful infringement.

Plaintiff has been damaged by the Defendants' infringement, and Defendants will continue their infringing activity and Plaintiff will continue to be damaged.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to the First Claim for Copyright Infringement

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

<u>With Respect to the Second Claim for Patent Infringement</u>

f. That Defendants, their agents and employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active participation with Defendants, be enjoined from infringing Plaintiff's '476 patent in any manner;

g. an award of damages under 35 U.S.C. § 287 for Defendants' infringements of Plaintiff's '476 patent;

h. a trebling of damages pursuant to 35 U.S.C. § 284;

i. an award of attorney fees pursuant to 35 U.S.C. § 285;

<u>With Respect to Each Claim for Relief:</u>

j. That Plaintiff be awarded pre-judgment interest as allowed by law;

k. That Plaintiff be awarded the costs of this action; and

l. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: September 14, 2018      By:     /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff