**BRYAN CAVE LEIGHTON PAISNER LLP**
Nancy Franco (California Bar No. 294856)
nancy.franco@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:   (310) 576-2327
Facsimile:   (310) 434-2027

Attorneys for Defendant
The Neiman Marcus Group LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>                    Plaintiff,<br>    v.<br><br>THE NEIMAN MARCUS GROUP LLC, a Delaware Limited Liability Company; M. M. AND R., INC., a New Jersey Corporation; and DOES 1-10,<br><br>                    Defendants. | Case No. 2:18-cv-06050-JFW-JPRx<br><br>Assigned To Hon. John F. Walter<br><br>**THE NEIMAN MARCUS GROUP LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:   July 11, 2018<br>Trial Date:      August 27, 2019 |

Defendant The Neiman Marcus Group LLC ("Neiman Marcus") hereby answers the First Amended Complaint ("FAC") of Plaintiff Wongab Corporation ("Wongab") as follows:

## INTRODUCTION

Answering the introductory paragraph of the FAC, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

## JURISDICTION AND VENUE

1. Neiman Marcus admits that Wongab purports to allege a claim for relief under the Copyright Act of 1976. Neiman Marcus otherwise denies the allegations contained in Paragraph 1 of the FAC.

2. Neiman Marcus does not challenge the Court's subject matter jurisdiction. Neiman Marcus otherwise denies the allegations contained in Paragraph 2 of the FAC.

3. Neiman Marcus does not challenge venue. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 3 that "this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred," and on that basis denies it.

## PARTIES

4. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC, and on that basis denies such allegations.

5. Neiman Marcus admits that it is a limited liability company organized under the laws of the State of Delaware and Neiman Marcus is doing business in the State of California.

6. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the FAC, and on that basis denies such allegations.

7. Neiman Marcus denies the allegations contained in Paragraph 7.

8. Neiman Marcus denies the allegations contained in Paragraph 8.

### CLAIMS RELATED TO DESIGN D208

9. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the FAC, and on that basis denies such allegations.

10. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the FAC, and on that basis denies such allegations.

11. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the FAC, and on that basis denies such allegations.

12. Answering Paragraph 12, Neiman Marcus admits that a dress that bore the label "5Twelve" was sold by Neiman Marcus. Neiman Marcus denies the remaining allegations contained in Paragraph 12 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

13. Neiman Marcus denies the allegations contained in Paragraph 13.

### CLAIMS RELATED TO DESIGN PCM-2299-GROUND

14. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC, and on that basis denies such allegations.

15. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC, and on that basis denies such allegations.

16. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC, and on

that basis denies such allegations.

17. Answering Paragraph 17, Neiman Marcus admits that a dress that bore the label "5Twelve" was sold by Neiman Marcus. Neiman Marcus denies the remaining allegations contained in Paragraph 17 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

18. Neiman Marcus denies the allegations contained in Paragraph 18.

## CLAIMS RELATED TO U.S. PATENT NO. 8,448,476

19. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC, and on that basis denies such allegations.

20. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the FAC, and on that basis denies such allegations.

21. Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC, and on that basis denies such allegations.

22. Neiman Marcus denies the allegations contained in Paragraph 22 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

23. Neiman Marcus denies the allegations contained in Paragraph 23 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

24. Neiman Marcus denies the allegations contained in Paragraph 24 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman

Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

### FIRST CLAIM FOR RELIEF

25. Neiman Marcus incorporates its responses to Paragraphs 1 through 24 above as if fully set forth herein.

26. Neiman Marcus denies the allegations contained in Paragraph 26 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

27. Neiman Marcus denies the allegations contained in Paragraph 27 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

28. Neiman Marcus denies the allegations contained in Paragraph 28 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

29. Neiman Marcus denies the allegations contained in Paragraph 29 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

30. Neiman Marcus denies the allegations contained in Paragraph 30 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

31. Neiman Marcus denies the allegations contained in Paragraph 31 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth

1 the allegations therein, and on that basis denies such allegations.

2   32.   Neiman Marcus denies the allegations contained in Paragraph 32 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

   33.   Neiman Marcus denies the allegations contained in Paragraph 33 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

   34.   Neiman Marcus denies the allegations contained in Paragraph 34 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

## SECOND CLAIM FOR RELIEF

   35.   Neiman Marcus incorporates its responses to Paragraphs 1 through 34 above as if fully set forth herein.

   36.   Neiman Marcus denies the allegations contained in Paragraph 36 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

   37.   Neiman Marcus denies the allegations contained in Paragraph 37 of the FAC to the extent they are directed to it. As to the remaining Defendants, Neiman Marcus lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies such allegations.

## PRAYER FOR RELIEF

Answering the Prayer for Relief, including subparts "a" through "l," Neiman Marcus denies any liability to Wongab and denies that Wongab is entitled to any of the relief requested in the FAC, or to any relief at all. Neiman Marcus further denies

that Wongab has been damaged in the amounts alleged or in any amount at all.

## AFFIRMATIVE AND OTHER DEFENSES

Neiman Marcus asserts the following affirmative and other defenses to the claims alleged in the FAC:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Wongab fails to state a claim against Neiman Marcus upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Standing)

Wongab lacks standing because it has not demonstrated ownership of valid copyright registrations for the Subject Designs and Wongab is not the owner(s) or author(s) of the Subject Designs.

### THIRD AFFIRMATIVE DEFENSE
### (Not Original Work)

Wongab is barred from recovery because the Subject Designs are not original works of authorship and therefore are not protected by copyright.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Copying)

Neiman Marcus has not copied the constituent elements, if any, of Wongab's purported copyrighted works.

### FIFTH AFFIRMATIVE DEFENSE
### (Invalidity of Copyright)

Wongab's purported copyrights are invalid and/or unenforceable.

### SIXTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

Wongab's claims are barred, in whole or in part, to the extent that Wongab misused its copyright, if any, to secure an exclusive right or monopoly not granted

by the Copyright Office; and Wongab's claim of copyright infringement is barred, in whole or in part, to the extent that it engaged in fraud or deception in the copyright registration process, or misuse of registered copyrights.

## SEVENTH AFFIRMATIVE DEFENSE
### (Public Domain)

Wongab's claim of copyright infringement is barred because the work for which copyright protection is claimed, or elements thereof, was in the public domain.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Infringement)

Neiman Marcus has not infringed and does not infringe, directly, contributively, or by inducement, any valid and enforceable claim of the asserted patent, either literally or under the doctrine of equivalents.

## NINTH AFFIRMATIVE DEFENSE
### (Invalidity of Patent)

One or more claims of the asserted patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## TENTH AFFIRMATIVE DEFENSE
### (Patent Estoppel)

By reasons of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that issued as the asserted patent, in particular, the applicant's and/or his representatives and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Wongab is precluded and estopped from asserting that Neiman Marcus has infringed any claim of the asserted patent.

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Misuse of Patent)

Wongab's claims are barred, in whole or in part, to the extent that the patents-in-suit are invalid, unenforceable, and void as a result of patent misuse, such misuse including but not limited to obtaining a patent through fraudulent representations and omissions on the Patent Office, and bad faith enforcement of patents known to Wongab to be invalid for the purpose of restraining competition.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure of the Notice and Marking Requirements)

Wongab's claim for damages prior to providing Neiman Marcus with actual notice of patent infringement by filing the Complaint is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Entitled To Damages or Attorneys' Fees)

Wongab is not entitled to statutory damages or attorneys' fees pursuant to 17 U.S.C. § 412.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Recovery Barred By 35 U.S.C. § 288)

Wongab's claims against Neiman Marcus for recovery are barred, in whole or in part, by 35 U.S.C. § 288.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

To the extent Wongab suffered any damages, which Neiman Marcus expressly denies, Wongab failed to take the steps necessary to mitigate the damages sustained.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Forfeiture or Abandonment)

Wongab's claims are barred to the extent it has forfeited or abandoned its

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300,
SANTA MONICA, CA 90401-2386

intellectual property.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (License)

The FAC, and each and every claim for relief therein, is barred to the extent that any purported use of the works described in the FAC was licensed or the subject of covenants not to sue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Wongab's claims are barred, in whole or in part, because Neiman Marcus' conduct was in good faith and with non-willful intent, at all times.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Volitional Act)

Wongab's claims are barred because the alleged infringement was not caused by any volitional act attributable to Neiman Marcus.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Laches)

The FAC, and each and every claim for relief therein, is barred by the doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

The FAC, and each and every claim for relief therein, is barred by the equitable doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Acquiescence, Waiver, and/or Estoppel)

The FAC, and each and every claim for relief therein, is barred by the doctrines of acquiescence, waiver, and/or estoppel.

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The FAC, and each and every claim for relief therein, is barred by the applicable statute of limitations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Patent License)

To the extent that any of Wongab's allegations of patent infringement are premised on the alleged use, sale, or offer for sale of products that are licensed or against which covenants not to sue have been granted, such allegations are barred pursuant to license and/or the doctrine of exhaustion.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Neiman Marcus reserves the right, upon completion of its investigation and discovery, to include such additional defenses and/or counterclaims as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Neiman Marcus respectfully requests the Court to enter judgment as follows:

1. For Wongab to take nothing by way of its FAC;
2. For judgment to be entered in favor of Neiman Marcus;
3. For recovery by Neiman Marcus of its costs of suit, reasonable attorneys' fees, and litigation expenses; and
4. For such other relief as the Court deems just and proper.

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Neiman Marcus demands a trial by jury on all issues so triable.

Dated: November 27, 2018

**BRYAN CAVE LEIGHTON PAISNER LLP**
Nancy Franco

By: */s/ Nancy Franco*
Nancy Franco
Attorneys for Defendant
The Neiman Marcus Group LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On November 27, 2018, I served the foregoing document, described as: **THE NEIMAN MARCUS GROUP LLC'S ANSWER TO FIRST AMENDED COMPLAINT,** on each interested party in this action, as follows:

| | |
|---|---|
| **DONIGER / BURROUGHS**<br>Stephen M. Doniger<br>Scott A. Burroughs<br>Trevor W. Barrett<br>Justin M. Gomes<br>603 Rose Avenue<br>Venice, CA 90291<br>stephen@donigerlawfirm.com<br>scott@donigerlawfirm.com<br>tbarrett@donigerlawfirm.com<br>jgomes@donigerlawfirm.com | *Attorneys for Plaintiff*<br>*Wongab Corporation* |

☒ **(VIA ELECTRONIC SERVICE)** - The document was served via The United States District Court of California – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case. Each transmission was reported as complete and without error.

☒ **(BY MAIL)** - I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave Leighton Paisner LLP, Santa Monica, California. I am readily familiar with Bryan Cave Leighton Paisner LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on November 27, 2018, at Santa Monica, California.

☒ **(FEDERAL ONLY)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Martha Alicia Parga*
Martha Alicia Parga

12025885.1

PROOF OF SERVICE